PER CURIAM.
The plaintiff, Virginia Harper, appeals the order of summary judgment entered by the district court in favor of the defendants, Officer F.W. Amweg of the Ohio State University (OSU) Police Department and Sheriffs Deputy Andrew Hamburger, who was working with Amweg at the time of the events in this case as an off-duty security officer on the University’s “vendor detail.” As members of the detail, the defendants’ assignment was two-fold: to prevent the sale of merchandise bearing unlicensed OSU insignia and to prevent sales on campus by unauthorized vendors. After twice warning plaintiff Harper that she could not sell handmade buckeye necklaces on campus during OSU football games, the officers observed her make an on-campus sale of two necklaces and arrested her, charging her with criminal trespass and violation of the local peddlers ordinance. Those charges were later dismissed, and the plaintiff brought this § 1983 action, claiming that she had been arrested without probable cause, by use of excessive force, and subjected to an illegal search and seizure of her personal property, all in violation of the Fourth Amendment. See 42 U.S.C. § 1983.
The defendants raised qualified immunity as an affirmative defense, contending that there was probable cause to support the plaintiffs arrest for criminal trespass. The district court agreed and, in a well-reasoned order, granted summary judgment to the defendants.
Having had the benefit of oral argument, and having studied the record on *406 appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why judgment should be entered for the defendants have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court based upon the reasoning set out by that court in its opinion and order dated March 20, 2006.